IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYESHAH LACY, CRAIG LACY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-772 |
| | : | |
| ARTHUR J. BACCI, MICHAEL W. GRIFFITH, MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., DOES 1-5 | : : : : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                    **April 5, 2024**

      Two Pennsylvanians continue to live in a home purchased with borrowed money although they have not paid on the loan in almost fifteen years. State court judges ordered foreclosure and ordered ejectment by last September. But this couple file frivolous motions in state court with "notices" and cases clogging the busy state court. The couple came here over four years ago and we dismissed their tactic within a few months after giving them leave to amend. And they somehow continue to live in the house. They now sue in state court and here with the same claims and then "removed" the 2009 foreclosure action and 2023 ejectment action here. They use litigation entirely as a delay tactic. And do not pay the loan.

      The lender parties to the "removed" 2009 foreclosure and 2023 ejectment actions move to remand. The couple did not timely object. We remand as there are no federal questions and removal is plainly untimely. But then non-parties move to dismiss separate federal claims filed against unserved parties. We cannot proceed until this couple serve the named parties by the end of this May. We must deny the non-parties' motion to dismiss as they lack standing and we lack a case or controversy absent service of named parties. And the couple stay in the house awaiting justice which they delay long after every court has rejected their same arguments.

I.     **The Lacys'** *pro se* **allegations**

Craig Lacy and Ayeshah Lacy bought a home in Montgomery County in 2007.[1] They borrowed $280,000 from Countrywide Home Loans, Inc. and gave Countrywide a mortgage as security for the repayment of their loan.[2] The Lacys defaulted on the loan sometime in late 2008 or early 2009.[3] Attorneys representing Countrywide Home Loans Servicing, L.P. notified the Lacys their mortgage is in default on May 6, 2009.[4] The Lacys have not paid on the loan for almost fifteen years and still live in the house.

### *State court mortgage Foreclosure Action.*

On September 10, 2009, BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. sued in foreclosure against the Lacys in the Montgomery County Court of Common Pleas.[5] Over ten years passed while the Lacys litigated. Judge Gail A. Weilheimer entered judgment in favor of the then-lender, MTGLQ Investors, L.P., and against Ayeshah and Craig Lacy in the amount of $436,925.76 on November 26, 2019.[6] Mr. Lacy moved to vacate the judgment. Judge Weilheimer denied the motion as untimely.[7] MTGLQ Investors filed an affidavit with the Montgomery County Sheriff for noticing the sale of the Property.[8]

### *The Lacys sued here in 2020 to vacate the state court judgment in foreclosure.*

The Lacys pro se sued here on February 2, 2020 claiming Bank of America, BAC Home Loan Servicing, and MTGLQ Investors owe them damages for negligence, "willful misconduct," and "conspiracy to fraudulently transfer assets" in a challenge to the foreclosure and sought an emergency injunction to stay the sale of the Property.[9] The Lacys asked us to set aside Judge Weilheimer's state court judgment in the Foreclosure Action.

We screened the Lacys' complaint and dismissed it under the *Rooker-Feldman* doctrine.[10] We explained we lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because

the relief requested by the Lacys would effectively reverse Judge Weilheimer's decision or void her ruling in the state Foreclosure Action.[11] We dismissed the Lacys' complaint with leave to amend if they could state a claim not barred by the law.[12]

The Lacys returned with an amended complaint bringing the same allegations and adding an objection to Judge Weilheimer's entry of summary judgment against them.[13] We again explained we lack jurisdiction under *Rooker-Feldman*.[14] We explained to the Lacys we are not the appellate court for state court foreclosure actions and dismissed their first amended complaint on June 15, 2020.[15]

### *The state court action resumes and the Property is sold at Sheriff Sale in 2022.*

Two years passed between our dismissal of the Lacys' action and the resumption of the Foreclosure Action in Montgomery County. The Lacys stayed in the house. In September 2022, after multiple notices listing the Property for Sheriff's sale, the Lacys moved for an emergency preliminary injunction and temporary restraining order to stop the sale in Montgomery County.[16] Judge Smyth denied the emergency motion to postpone the sale.[17] The Lacys unsuccessfully petitioned to vacate Judge Smyth's order as void.[18] The Property ultimately sold at Sheriff's sale on October 26, 2022 to Wilmington Savings Fund Society.[19]

### *Wilmington Savings Fund Society sues to eject the Lacys.*

The Lacys did not move out. The property purchaser Wilmington Savings Fund sued them in ejectment in state court on January 11, 2023.[20] The Lacys moved for a temporary restraining order and preliminary injunction seeking to enjoin the Ejectment Action.[21] Judge Weilheimer denied the motion and entered judgment in favor of Wilmington Savings Fund as the lawful and rightful owner of the Property and ordered the Lacys vacate the Property on September 20, 2023.[22] The Lacys did not appeal Judge Weilheimer's September 20, 2023 Order.

The Lacys continued filing various motions, including a "notice" raising constitutional challenges to the Foreclosure Action and Ejectment Action and a "reservation of rights" under the Uniform Commercial Code referring to a "notice of appeal" and "trial de novo."[23] Judge Weilheimer denied the Lacys' "notice" on January 16, 2024, noting the Lacys' failure to appeal her September 20, 2023 order granting summary judgment to Wilmington Savings Fund and a trial de novo is "not an option available to the [Lacys] in this case."[24]

### *The Lacys launch a three-pronged attack on the state court Foreclosure and Ejectment Actions in February 2024.*

In mid-February 2024, the Lacys attempted to void state court Foreclosure and Ejectment Actions by: (1) filing a new complaint in the Montgomery County Court of Common Pleas against Wilmington Savings Fund Society and FCI Lenders Services, Inc., and others, on February 12, 2024 asserting various common law breach of contract and tort claims, injunctive and declaratory relief seeing to vacate the Ejectment Action, quiet title on the Property now owned by Wilmington Savings Fund, and seeking $5.5 million in damages and equitable relief;[25] (2) filing the identical complaint here on February 20, 2024 (but with different defendants) purporting to remove the Foreclosure Action and Ejectment Action;[26] and (3) filing a motion to stay in the Ejectment Action on February 21, 2024 in the Montgomery County Court of Common Pleas.[27] The Lacys then moved to withdraw their new Montgomery County complaint on March 4, 2024 and filed Notices of Removal in both the state court Foreclosure and Ejectment Actions on March 7, 2024.[28]

### *The Lacys purport to remove the Foreclosure and Ejectment Actions.*

The Lacys caption their complaint here as "Common Law Action in Equity," "Complaint Bill for Equity Relief for Wrongful Foreclosures Breach of Contract, Set Aside Foreclosure Sale," and "Complaint Bill for Equitable Relief" and mark the complaint as "related" the Foreclosure and Ejectment Actions pending in Montgomery County.[29] The Lacys ask us to set aside the Foreclosure

4

Action and "void" the sale of the Property by asserting a variety of objections to the loan, including common law contract and tort claims, Racketeer Influenced and Corrupt Organizations Act claims, and violations of federal consumer loan and lending laws and debt collection. They attach a "Notice of Removal" filed with the Montgomery County Court of Common Pleas.[30] The Lacys then filed a separate "Notice of Removal" on our docket.[31] The state court transmitted the records in the Foreclosure and Ejectment Actions to us.

### *The Lacys have not properly served the named Defendants here.*

The Lacys are suing Arthur J. Bacci, Michael W. Griffith, Mortgage Electronic Registrations Systems, Inc., and Does 1–5 in this case.[32] Our Clerk's Office issued summons for: (1) Arthur J. Bacci, as owner trustee of the Residential Credit Opportunities Trust VI-A, a Delaware corporation d/b/a Wilmington Savings Fund Society, FSB; (2) Michael W. Griffith, a California Corporation d/b/a CEO FCI Lender Services; and (3) Mortgage Electronic Registrations Systems, Inc.[33]

The Lacys filed proofs of service on non-parties FCI Lender Services, Wilmington Savings Fund Society, attorney Michael T. McKeever, and attorneys Jill Fein, Kaitlin Shire, and Michael Shavel by certified mail.[34] The Lacys filed proofs of service on parties "Arthur J. Bacci CFO" and Mortgage Electronic Registration System by certified mail.[35]

We ordered the Lacys to either voluntarily dismiss the Lacy Family Express Trust or direct counsel admitted to the Bar of this Court to enter an appearance for the Trust and show cause why we should not strike the proofs of service on non-parties Attorney McKeever, KML Law Group, P.C., Attorneys Fein, Shire, and Shavel, and Hill Wallack, LLP.[36] We explained to the Lacys a complaint in federal court must name all parties under Federal Rule of Civil Procedure 10(a).[37]

5

We explained the Lacys did not sue, nor obtain summons for, the Attorneys and their respective law firms.[38]

The Lacys responded by arguing we should not strike the proofs of service on the Attorneys and their law firms because their omission from the caption is a "clerical error" and asked to amend their complaint to name the Attorneys and their law firms.[39] The Lacys did not respond to our Order requiring counsel for the Lacy Family Express Trust. We dismissed the Lacy Family Express Trust without prejudice and struck the proofs of service on the non-party Attorneys and their respective law firms without prejudice to later moving to amend.[40] The Lacys did not amend their complaint under Rule 15. We amended the caption to identify Defendants Arthur J. Bacci, Michael W. Griffith, Mortgage Electronic Registrations Systems, Inc., and Does 1–5.[41]

### *Wilmington Savings Fund Society, FCI Lender Services, Inc., and the Attorneys moved to remand the Ejectment Action and dismiss the Lacys' complaint.*

Non-parties to this action, Wilmington Savings Fund Society, FCI Lender Services, Inc., and Attorneys Fein and Shire moved to remand the Lacys' removal of the Foreclosure and Ejectment Actions to the Montgomery County Court of Common Pleas and to dismiss the complaint.[42] The Lacys have not timely opposed this relief.

**II.  Analysis**

We are met with a peculiar procedural landscape. Non-parties in this action—Wilmington Savings Fund, FCI Lender Services, and Attorneys Fein and Shire—move to remand the Ejectment Action. But Wilmington Savings Fund is the only party Plaintiff in the Montgomery County Ejectment Action. The other three movants—FCI Lender Services and Attorneys Fein and Shire—are not parties to the Ejectment Action. The non-parties also moved to dismiss. But they cannot seek dismissal of claims not asserted against them as non-parties. So, we are faced with a Motion to remand by three non-parties to the Ejectment Action and a Motion to dismiss by non-parties.

6

The party Defendants–Mr. Bacci, Mr. Griffith, and Mortgage Electronic Registrations Systems, Inc.—did not respond to the Lacys' complaint, as there is no basis for us to find proper service of the summons and complaint on them.

We direct our Clerk of Court to forthwith remand the Foreclosure and Ejectment Actions to the Montgomery County Court of Common Pleas. We deny the Motion to dismiss without prejudice because, as explained below, it is unripe.

### A. We remand the Lacys' removal of the Foreclosure and Ejectment Actions to the Montgomery County Court of Common Pleas.

The Lacys purport to remove the Foreclosure and Ejectment Actions from the Montgomery County Court of Common Pleas. They raise a host of objections to the judgments entered against them in both the Foreclosure Action and Ejectment Action, including attacking the validity of their mortgage loan leading to the foreclosure and asking us to "void" the judgment in the Foreclosure Action and enjoin the Ejectment Action.

Wilmington Savings Fund moved to remand the Ejectment Action as untimely and argued, even if it is timely, it cannot be removed under the forum defendant rule. The Lacys have not objected to the requested relief.

Congress provides the procedure for removal actions.[43] The removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court" and removal statutes "are to be strictly construed, with all doubts resolved in favor of remand."[44] The Lacys, Defendants in the 2009 Foreclosure Action and 2023 Ejectment Action, removed those Actions invoking our federal question jurisdiction under 28 U.S.C § 1331.[45] Their complaint alleges violations of the civil RICO statute and various consumer lending protection laws, including the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, *et seq.*, the

7

Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its Regulation Z, 12 C.F.R. pt. 1026, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

### *The state law Foreclosure and Ejectment Actions do not provide a basis for federal question jurisdiction.*

We lack subject matter jurisdiction over the Lacys' removal because the Foreclosure and Ejectment Actions are grounded in state law. The Lacys challenge the merits of the Foreclosure and Ejectment Actions by asserting federal ***defenses***—alleged RICO violations and violations of federal consumer lending laws relating to the mortgage loan. Federal defenses to state-created actions like foreclosure and ejectment actions do not establish federal question jurisdiction for removal purposes.[46]

Federal question jurisdiction must appear on the face of the complaint.[47] And there is none here. The Lacys' claims are based entirely on a challenge to the already-concluded Foreclosure Action and Ejectment Action and not grounded on any federal law. Congress, under section 1441, authorizes the removal of a civil action from state court to a federal court only "when the action initiated in state court is one that could have been brought, originally, in a federal district court."[48] The Lacys' complaint is a challenge to a state law foreclosure action and does not provide a basis for federal question jurisdiction and not removable under 28 U.S.C. § 1441(a).[49] We remand the Foreclosure and Ejectment Actions to the state court.

### *The removal is untimely.*

The Lacys' removal is also untimely even if we had jurisdiction. Congress requires a removal "shall be filed" within thirty days "after receipt by the defendant, through service or otherwise," a copy of the initial pleading setting forth the claim for relief.[50] Plaintiffs in the Foreclosure Action served Craig Lacy and Ayeshah Lacy in June 2009, nearly fifteen years ago.[51]

8

Plaintiff in the Ejectment Action served Craig Lacy, Ayeshah Lacy, and Occupants of the Property with the Ejectment Action on January 17, 2023, over a year ago.[52]

The Lacys removed the Foreclosure and Ejectment Actions on March 6, 2024, well beyond the thirty-day period set by Congress in section 1446.[53] An untimely removal is a procedural defect.[54] We may consider a motion to remand based on a procedural defect (rather than a jurisdictional defect) if it is made within thirty days after filing of the notice of removal.[55] Wilmington Savings Fund Society moved for remand on March 19, 2024, within thirty days of the Lacys' removal. The Lacys' removal of the Foreclosure and Ejectment Actions is untimely. We remand the Foreclosure and Ejectment Actions to the state court.

### B. We deny the Motion to dismiss as unripe.

Non-parties moved to dismiss the complaint against other persons under Federal Rule of Civil Procedure 12(b)(6). No properly served party Defendant moved to dismiss the Lacys' complaint. We may not exercise personal jurisdiction over party Defendants Mr. Bacci, Mr. Griffith, and Mortgage Electronic Registrations Systems, Inc. until the procedural requirement of service is satisfied under Federal Rule of Civil Procedure 4.[56] "Effective service of process is therefore a prerequisite to proceeding further in a case."[57]

The Supreme Court, through Rule 4(e), provides the procedure to serve an individual within a judicial district of the United States. Rule 4(e) allows for service to be made by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or (2) delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age

9

and discretion who resides there," or delivering a copy of the summons and complaint to an agent authorized to accept service.[58]

The Lacys returned proofs of service upon Mr. Bacci and Mortgage Electronic Registrations Systems, Inc.[59] There is no proof of service for Mr. Griffith. The proofs of service on Mr. Bacci and Mortgage Electronic Registration Systems, Inc. show service by "certified mail" to an address for Mr. Bacci and Mortgage Electronic Registration Systems, Inc. in Wilmington, Delaware.

Under Pennsylvania Rule of Civil Procedure 404, original process "shall be served outside the Commonwealth" in the manner provided by Rule 403.[60] Rule 403 permits service "by any form of mail requiring a receipt *signed by the defendant or his authorized agent*."[61] There is nothing in the record demonstrating service by certified mail, return receipt requested signed by Mr. Bacci, Mr. Griffith, or Mortgage Electronic Registrations Systems, Inc., or their authorized agents. The party Defendants have not been served. The Lacys are responsible for serving the summons and complaint upon Mr. Bacci, Mr. Griffith, and Mortgage Electronic Registrations Systems, Inc. within the time allowed by Federal Rule of Civil Procedure 4(m).[62]

We cannot rule on a motion to dismiss filed by non-parties to claims asserted against unserved party Defendants. We deny the motion to dismiss as unripe. We do so without prejudice to a party Defendant who, after proof of proper service, may move to dismiss the Lacys' complaint.

**III.  Conclusion**

We remand the Foreclosure and Ejectment Actions to state court at ECF No 6. We deny the Motion to dismiss the complaint as unripe for our adjudication. The Lacys must properly serve Defendants Mr. Bacci, Mr. Griffith, or Mortgage Electronic Registrations Systems, Inc. who may respond consistent with the Federal Rules of Civil Procedure.

[1] ECF No. 1 at 2. The home is located at 212 Hemlock Road, West Norriton, PA 19403 ("Property").

[2] *Id.*, § VII, ¶ X at 14. On August 20, 2007, the Lacys executed a mortgage to Defendant Mortgage Electronic Registrations Systems, Inc. as nominee for Countrywide Home Loans, Inc. ECF No. 11-1 at 5, ¶ 3 (using the pagination supplied by the CM/ECF docketing system). Mortgage Electronic Registration Systems, Inc. assigned the mortgage to Countrywide Home Loans Servicing, L.P. now known as BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. *Id.* at 5, 8.

[3] ECF No. 11-1 at 5, ¶ 6.

[4] *Id.* at 13–19. The notice is referred to in Pennsylvania as an "Act 91 Notice." Pennsylvania's General Assembly enacted the Homeowners' Emergency Mortgage Assistance Act, or "Act 91," a homeowner's assistance program. 35 PA. STAT. AND CONS. STAT. § 1680.401c, *et seq.* The Act grants authority to the Pennsylvania Housing Finance Agency to make loans to Pennsylvania residents who are eligible to receive financial assistance to avoid foreclosure on residential property. *Id.* at § 1680.401c. The Act also requires a mortgagee, like Countrywide Home Loans Servicing, to give the mortgagors, like the Lacys, notice before bringing a mortgage foreclosure action in court. *Id.* at §§ 1680.402c, 1680.403c.

[5] *See* State Court record, ECF No. 8, *BAC Home Loans Servicing, L.P. v. Ayesha Lacy, et al.*, No. 2009–17734 (Montgomery Cnty. Ct. Com. Pl.) ("Foreclosure Action").

[6] ECF No. 8 at 4 (Docket entry No. 110); ECF No. 8–1 at 769 (using the pagination supplied by the CM/ECF docketing system). At some point in the litigation, BAC Home Loans Servicing, L.P. substituted MTGLQ Investors, L.P. as the plaintiff. *Id.*

[7] ECF No. 8-1 at 804.

[8] ECF No. 8 at 4, Docket entry Nos. 116, 117.

[9] *Lacy v. Bank of America,* No. 20-660, ECF Nos. 2, 4.

[10] *Id.*, No. 20-660, 2020 WL 2512807 (E.D. Pa. May 15, 2020). We granted the Lacys' motion to proceed *in forma pauperis* subjecting their complaint to our screening obligations under 28 U.S.C. § 1915(e)(2)(B). *Id.*, ECF Nos. 8, 9.

[11] *Lacy*, No. 20–660, 2020 WL 2512807, at *2.

[12] *Id.* at *4.

[13] *Lacy*, No. 20–660, 2020 WL 3172890 (E.D. Pa. June 15, 2020).

[14] *Id.* at *3.

11

---

[15] *Id* at *1.

[16] ECF No. 8-2 at 1–23.

[17] *Id.* at 27.

[18] *Id.* at 30–50.

[19] *Id.* at 65–70.

[20] *See* State Court record at ECF No. 7, *Wilmington Savings Fund Society FBS as Owner Trustee of the Residential Credit Opportunities Trust VI-A v. Lacy*, No. 2023-00593 (Montgomery Cnty. Ct. Com. Pl.) ("Ejectment Action").

[21] ECF No. 7 at 65–106 (using the pagination supplied by the CM/ECF docketing system).

[22] *Id.* at 196.

[23] *Id.* at 258–262, 270–300.

[24] *Id.* at 301, 303.

[25] *Lacy Family Express Trust v. Wilmington Savings Fund Society*, *FSB*, No. 2024-02651 (Montgomery Cnty. Ct. Com. Pl.); ECF No. 11-1 at 32–130. The Lacys and the Lacy Family Express Trust sued Wilmington Savings Fund Society, FSB, FCI Lenders Services, Inc., attorneys Jill Fein, Kaitlin Shire, and Michael Shavel, and the law firm of Hill Wallack, LP, and attorney Michael McKeever, and the law firm of KML Law Group, P.C.

[26] The Lacys and the "Lacy Family Express Trust" sued against Arthur J. Bacci d/b/a CFO Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A, a Delaware Corporation, Michael W. Griffith d/b/a CFO FCI Lender Services, a California Corporation, Mortgage Electronic Registrations Systems, Inc., and Does 1–5. *See* ECF Nos. 1, 6.

[27] ECF No. 7 at 304–365.

[28] ECF Nos. 7, 8.

[29] ECF No. 1.

[30] *Id.* at 95–96.

[31] ECF No. 6.

[32] ECF No. 14.

---

[33] ECF No. 5.

[34] ECF No. 9.

[35] *Id.*

[36] ECF No. 10.

[37] *Id.*

[38] *Id.*

[39] ECF No. 13.

[40] ECF No. 14.

[41] *Id.* The Lacys also moved to compel discovery. ECF No. 12. We denied the Lacys' motion. ECF No. 15.

[42] ECF No. 11. The Plaintiffs in the Foreclosure Action are BAC Home Loans Servicing, LP, Bank of America, NA, MTGLQ Investors, LP, and Wilmington Savings Fund Society, FSB. ECF No. 8. Bank of America, N.A. became the successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. Defendants are Craig Lacy and Ayeshah Lacy.

The Plaintiff in the Ejectment Action is Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A. ECF No. 7. The Defendants are Craig Lacy, Ayeshah Lacy, and Occupants of the Property.

[43] 28 U.S.C. § 1441, *et seq.*

[44] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).

[45] ECF No. 1 at 16, 95–96; ECF No. 6. The Lacys' removal of the Foreclosure and Ejectment Actions alleges we have jurisdiction to "hear cases that 'arise under' federal law," citing section 1332 (diversity jurisdiction) instead of section 1331 (federal question jurisdiction). Section 1332 vests us with jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1331 vests us with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It may be the Lacys intended to invoke our federal question jurisdiction under section 1331, despite their citation to section 1332. *See* ECF No. 1 at 16, ¶ VIII.B. If the Lacys intended to remove invoking our diversity jurisdiction under section 1332(a), it is barred by the forum defendant rule. The Lacys are Pennsylvania citizens. Under section 1441(b)(2), "[a] civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

---

[46] *Lott v. Duffy*, 579 F. App'x 87, 89–90 (3d Cir. 2014) (per curiam) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987)).

[47] *Id.*

[48] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (citing 28 U.S.C. § 1441(a)).

[49] *Deutsche Bank Nat'l Trust Co. v. Harding*, 655 F. App'x 113, 114–15 (3d Cir. 2016).

[50] 28 U.S.C. § 1446 (b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

[51] ECF No. 8 at 25–26.

[52] ECF No. 7 at 20–22.

[53] ECF Nos. 1, 6.

[54] *Berry v. Wal-Mart Stores, East, L.P.*, 583 F. Supp. 3d 671, 674–75 (E.D. Pa. 2022).

[55] 28 U.S.C. § 1447(c).

[56] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

[57] *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991); *Kornea v. J.S.D. Mgmt., Inc.*, 366 F. Supp. 3d 660, 666 (E.D. Pa. 2019) (citing *Lampe*, 952 F.2d at 701).

[58] Fed. R. Civ. P. 4(e)(1), (2).

[59] ECF No. 9.

[60] Pa. R. Civ. P. 404.

[61] Pa. R. Civ. P. 403 (emphasis added).

[62] Rules 4(c)(1), (m) require the Lacys to effectuate service of the summons and complaint within ninety days or face dismissal; they must effect proper service by May 28, 2024.