IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYESHAH LACY, CRAIG LACY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 24-772 |
| | : | |
| MORTGAGE ELECRTONIC | : | |
| REGISTRATIONS SYSTEMS, INC., | : | |
| DOES 1-5 | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                          **July 10, 2024**

A couple who did not make mortgage loan payments beginning fifteen years ago lost their house through a final judgment order of foreclosure in state court almost five years ago. They would not leave the house. The state court later entered a final order ejecting them from the house. The couple challenged the state court final foreclosure and ejectment judgments in repeated state and federal complaints while remaining in the house. Their most recent effort includes federal claims against an executive of a California lender with a limited role in the mortgage loan over fifteen years ago. They attempted to effect service of their most recent federal complaint against the executive by having a Florida notary send the summons and complaint by certified mail to him at the office of his California employer in March 2024. We told them certified mail to a party's employer's office is not sufficient service over three months ago. We gave them another chance to effect service by May 28, 2024. They responded by filing the same certified mail receipt with a handwritten note on the same certified mail form claiming effective service. They are incorrect as to effective service under Federal, Pennsylvania, and California law. The executive now moves to dismiss. We gave the couple two chances to properly serve the executive. They have not done so. We dismiss the couple's claims against the executive without prejudice.

## I. Background[1]

Craig Lacy and Ayeshah Lacy purchased a home in 2007.[2] They borrowed $280,000 from Countrywide Home Loans Servicing, L.P. to finance the home and gave Countrywide a mortgage as security.[3] The Lacys defaulted on the loan in late 2008 or early 2009.[4] Countrywide notified the Lacys of the default of their mortgage on May 6, 2009.[5]

Countrywide sued in foreclosure in Montgomery County against the Lacys in September 2009.[6] The Lacys disputed the foreclosure issue for over ten years.[7] Montgomery County Judge Weilheimer entered judgment in foreclosure against the Lacys on November 26, 2019.[8] The Lacys brought multiple actions to vacate the judgment. The bank owner of title also obtained an ejectment judgment requiring they vacate the house.[9]

The Lacys did not leave the house.[10] The Lacys instead sought to set aside the state court foreclosure sale and to recover monetary damages for a wrongful foreclosure in a Complaint filed here.[11] They sued Michael W. Griffith in his individual capacity. The Lacys alleged Mr. Griffith is "doing business as" the Chief Executive Officer of FCI Lender Services, Inc.[12] The Lacys do not sue Mr. Griffith's employer FCI Lender Services here.

The Lacys first returned proof of service on non-party FCI Lender Services in Anaheim Hills, California.[13] They represented a Florida notary both personally served Mr. Griffith in California and served him by certified mail. We remanded the Lacys' foreclosure and ejectment actions to state court and directed the Lacys to serve their complaint alleging federal claims on named parties including Mr. Griffith.[14] We explained to the Lacys we could not exercise personal jurisdiction over party Defendants, including Mr. Griffith, until the procedural requirement of service is satisfied under Federal Rule of Civil Procedure 4.[15]

We ordered the Lacys to make service consistent with our memorandum by May 28, 2024.[16] The Lacys chose to ignore our specific direction in our Order and refiled the earlier defective proof of service on non-party FCI Lender Services with a handwritten notice "Service to Agent is Service DBA to Lender and Vise [sic] Versa AKA Michael Griffith."[17] The date, other handwriting, and content of the remainder of document (including a Florida notary who allegedly performed this service) are identical to the first improper proof of service.[18]

## II.   Analysis

Mr. Griffith moved to dismiss for improper service.[19] The Lacys, as the parties making service, have the burden of demonstrating the validity of service in response to Mr. Griffith's objection to service.[20] The Lacys did not respond to Mr. Griffith's Motion. We studied the Lacys' repeated service attempts. They offer no reason to find they served Mr. Griffith. We grant Mr. Griffith's Motion to dismiss for failure to serve him.

The Lacys may serve Mr. Griffith consistent with Federal Rule of Civil Procedure 4(e) in two ways: (1) following the state law for serving summons in the state where the district court is located or where service is made; or (2) by delivering a copy of the summons and complaint to the individual personally; leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[21] If a plaintiff shows good cause for the failure to serve within the ninety-day time period provided by Rule 4(m), we "must extend" the time for service "for an appropriate period."[22] We must dismiss, on motion or on our own after notice to the plaintiff, an action without prejudice against a defendant who is not properly served within the ninety-day period.[23]

We granted the Lacys leave to effect service by May 28, 2024. They did not do so.

Mr. Griffith argues improper service under Rule 4(e). The Supreme Court, through Rule 4(e)(1) and (2), requires service to be made either under "the state where the district court is located," here Pennsylvania, "or where service is made," here California *or* by delivering a copy of the summons and complaint to him personally; at his "dwelling or usual place of abode"; or to an agent authorized to accept service of process.

**A.  The Lacys did not effect service under federal law.**

Mr. Griffith asserts the proof of service for service on FCI Lender Services on March 4, 2024 and the May 28, 2024 re-filed proof of service on FCI Lender Services as "agent" for "DBA lender and Vise Verse AKA Michael Griffith" at best shows mailing of the summons and complaint to the "general mail room" of FCI Lender Services, Inc. in Anaheim, California.[24]

The Supreme Court, through Rule 4(e ), allows the Lacys to effect service by delivering a copy of the summons and complaint to the individual personally; leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

The Lacys must show one of these three methods to conform with federal law. They do not do so. They offer no basis for personal service upon Mr. Griffith. They instead claim his employer's office is an agent for service of process. They did not effect service consistent with Rule 4(e).

We must then study whether they served Mr. Griffith consistent with Pennsylvania or California law.

**B.  The Lacys did not effect service under Pennsylvania law.**

The Pennsylvania General Assembly permits original process may be served (1) by handing a copy to the defendant; or (2) *by handing a copy* (a) at the defendant's resident to an

4

adult member of the family with whom he resides; or (b) at the residence of the defendant to the clerk or manager of a hotel, inn, apartment house, boarding house or other place of lodging at which defendant resides; or (c) "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."[25]

The Lacys offer no basis to find they (or their Florida notary) personally handed a copy of original process to Mr. Griffith or his agent. Their best argument could liberally be construed as asking us to assume the certified mail from their Florida notary effected service. The Pennsylvania General Assembly permits service of process by mail "to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."[26]

The proofs of service filed by the Lacys offer no evidence anyone "hand[ed] a copy" of the summons and complaint to Mr. Griffith or "hand[ed] a copy" to an adult at his residence or "other place of lodging" where he resides, or at Mr. Griffith's "office or usual place of business" to him or his agent or person in charge as required by Pennsylvania Rule 402(a). No one served Mr. Griffith by "handing him" a copy of the summons and complaint required by Pennsylvania Rule 402(a).

This leaves us with service under Pennsylvania Rule 403 allowing service upon Mr. Griffith by "any form of mail" requiring a signed receipt by him or his authorized agent. The proofs of service show the Lacys mailed the summons and complaint by certified mail to FCI Lender Services in Anaheim Hills, California. A Florida notary swore she sent summons by certified mail on March 4, 2024.[27] The receipt attached by the Lacys to their proofs of service show a United States Postal Service tracking number and delivery "Left with Individual" in Anaheim, California on March 6, 2024.[28] There is no evidence Mr. Griffith or his authorized agent signed a receipt. Mailing is insufficient under Pennsylvania's service rules.

### C. The Lacys did not effect service under California law.

The Lacys could also effect service under California law. The California Legislature permits personal service by (1) physical delivery of a copy of the summons and complaint to the person to be served; (2) leaving a copy of the summons and complaint with a person's office during usual office hours or at their usual mailing address with someone at least eighteen years old who is advised of the contents of the delivery; or (3) leaving a copy of the summons and complaint at the person's dwelling house, abode, usual place of business, or mailing address in the presence of a person apparently in charge and thereafter mailing a copy by first-class mail to the person to be served at the same location.[29]

The Lacys do not assert they or their Florida notary personally delivered a copy of original process to Mr. Griffith or his agent. The California Legislature permits mailing a copy of the summons and complaint by first-class mail or airmail with prepaid postage with two copies of a notice and acknowledgement form with a prepaid return envelope addressed to the sender.[30] A written receipt of summons must be executed and returned to the sender.[31]

The Lacys' proof of service does not swear physical delivery of service upon Mr. Griffith. Nothing in the Lacys' Affidavit evidences they (or their Florida notary) left a copy at Mr. Griffith's office during usual office hours or at his usual mailing address with someone capable of receiving service. The Lacys also do not assert they left a copy at Mr. Griffith's dwelling, abode, usual place of business, or mailing address in the presence of someone in charge. The Lacys did not personally serve Mr. Griffith under the California Code of Civil Procedure.

We turn to California Code of Civil Procedure § 415.30 allowing mail service upon Mr. Griffith by sending a copy of the summons and two copies of the required notice and acknowledgement form through first-class or airmail with postage prepaid. The proofs of service

suggest the Lacys' Florida notary mailed the summons and complaint by certified mail to FCI Lender Services in Anaheim Hills, California. The same Florida notary swore she sent summons by certified mail on March 4, 2024.[32] The Lacys offer no evidence they included two copies of the required notice and acknowledgement form with postage prepaid. They adduce no evidence of a return receipt. The United States Postal Service tracking number and delivery "Left with Individual" in Anaheim, California on March 6, 2024 does not sufficiently establish service by mail.[33] There is no evidence Mr. Griffith or his authorized agent signed a receipt.

**III.   Conclusion**

The Lacys' certified mail of a summons and complaint by a Florida notary upon a non-party employer is not proper service upon Mr. Griffith. They have twice failed to timely effect service after we granted more time to effect service. We dismiss all claims against Mr. Griffith without prejudice.[34]

---

[1] Our April 5, 2024 Memorandum remanding the Lacys' foreclosure and ejectment actions to state court and denying a motion to dismiss the Lacys' complaint by unnamed defendants as unripe provides a fulsome recitation of the procedural history of the Lacys' complaints in state court and in this court. *See* ECF No. 16.

[2] ECF No. 1 at 2.

[3] *Id.*, § VII ¶ X at 14. On August 20, 2007, the Lacys executed a mortgage to Defendant Mortgage Electronic Registrations Systems, Inc. as nominee for Countrywide Home Loans, Inc. ECF No. 11-1 at 5, ¶ 3 (using the pagination supplied by the CM/ECF docketing system). Mortgage Electronic Registration Systems, Inc. assigned the mortgage to Countrywide Home Loans Servicing, L.P. now known as BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. *Id.* at 5, 8.

[4] ECF No. 11-1 at 5, ¶ 6.

[5] *Id.* at 13–19.

[6] ECF No. 8.

[7] *Id.*

[8] *Id.*

[9] ECF No. 7.

[10] We take judicial notice of the Montgomery County Court of Common Pleas docket in the ejectment action, *Wilmington Savings Fund Society FSB as Owner Trustee of the Residential Credit Opportunities Trust VI-A v. Lacy*, No. 2023-593. The state court docket reflects the owner of the foreclosed property took possession of the home on June 27, 2024. The Lacys have not advised of a new address since June 27, 2024 so we can presume they somehow still live there.

[11] ECF No. 1. This is the second complaint the Lacys brought against financial institutions after losing the mortgage foreclosure action in state court, seeking $10 million in damages relating to the foreclosure. *Lacy v. Bank of America*, No. 20-660. We dismissed the complaint under the *Rooker-Feldman* doctrine after giving the Lacys two opportunities to plead relief under federal law. *See Lacy v. Bank of America*, No. 20-660, 2020 WL 3172890 (E.D. Pa. June 15, 2020).

[12] ECF No. 1 at 89 (using the pagination assigned by the CM/ECF docketing system). It is unclear from the record alone and often contradictory the relationship between FCI Lender Services, Mr. Griffith, and Craig and Ayeshah Lacy. Wilmington Savings Fund Society purchased the Lacy home at a Sheriff's Sale on October 26, 2022. The Lacys plead FCI Lender Services "engaged and engages in 'servicing' [their] residential Mortgage Loan." ECF No. 1 at 15, ¶ JJ–MM.

[13] ECF No. 9.

[14] ECF No. 17.

[15] ECF No. 16 at 9–10.

[16] ECF No. 17.

[17] ECF No. 19.

[18] *Id.* at 2.

[19] ECF No. 21. Mr. Griffith also moves to dismiss for failure to state a claim under Rule 12(b)(6). We need not reach the Rule 12(b)(6) pleading substance issues because we conclude the Lacys failed to properly serve Mr. Griffith.

[20] *Papin v. Taylor*, No. 23-2591, 2024 WL 3295588, at *2 (E.D. Pa. July 2, 2024). *See also, Sims v. City of Phila.*, 552 F. App'x 175, 177 (3d Cir. 2014) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (the party asserting the validity of service bears the burden of proof)).

[21] Fed. R. Civ. P. 4(e).

[22] Fed. R. Civ. P. 4(m).

[23] *Id.* ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

[24] *See* ECF Nos. 9, 19.

[25] Pa. R. Civ. P. 402(a) (emphasis added).

[26] Pa. R. Civ. P. 403.

[27] ECF Nos. 9, 19.

[28] *Id.*

[29] CAL. CIV. PRO. CODE § 415.10–415.20 (West 2024).

[30] *Id.* at § 415.30.

[31] *Id.*

[32] ECF Nos. 9, 19.

[33] *Id.*

[34] We find no basis to dismiss Mr. Griffith with prejudice. A dismissal with prejudice is appropriate only when a clear delay or obstructive conduct by the plaintiff prejudices the defendant. The Lacys' service issues regarding Mr. Griffith lasted four months. The Lacys timely responded to our concerns but still have not effected service. We dismiss Mr. Griffith without prejudice.