IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYESHAH LACY, CRAIG LACY | : CIVIL ACTION |
| | : |
| v. | : NO. 24-772 |
| | : |
| MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., DOES 1-5 | : |

## MEMORANDUM

**KEARNEY, J.**                                                                July 23, 2024

Former homeowners stopped repaying the loan they used to buy their home over fifteen years ago. The company holding the mortgage sued to recover its security (title to the home) through foreclosure in state court. The former homeowners vigorously challenged the foreclosure in state and federal courts for the past fifteen years. The state court worked through their objections and entered foreclosure several years ago. The state court later ordered their ejectment when they would not leave the home. The homeowners are now suing here under federal laws challenging assignments of loan documents and closing procedures from 2007 and 2009. Their claims are facially barred by the statutes of limitations set by Congress. We dismiss their claims with prejudice.

I. **Background**[1]

Craig Lacy and Ayeshah Lacy borrowed money from Countrywide Home Loans, Inc. in August 2007 to buy a house. They agreed to secure their borrowing with a mortgage to Mortgage Electronic Registrations Systems, Inc. as nominee for Countrywide Home Loans, Inc.[2]

The Lacys defaulted on the loan in late 2008 or early 2009.[3] BAC Home Loans Servicing, L.P. notified the Lacys of the default of their mortgage on May 6, 2009.[4] Mortgage Electronic Registrations Systems, Inc. assigned the mortgage back to Countrywide Home Loans Servicing, L.P. in May 2009.[5]

BAC Home Loans Servicing sued in foreclosure in Montgomery County against the Lacys in June 2009.[6] The Lacys disputed the foreclosure issue for over ten years.[7] Montgomery County Judge Weilheimer entered judgment in foreclosure against the Lacys on November 26, 2019.[8] The Lacys brought multiple actions to vacate the judgment.[9] The Lacys' home ultimately sold at a Sheriff's sale to Wilmington Savings Fund Society, FSB in October 2022.[10]

The Lacys would not vacate the home now sold to Wilmington Savings Fund Society, FSB. Wilmington Savings filed an ejectment action in the Montgomery County Court of Common Pleas.[11] The Lacys did not leave the house until possibly last month.[12]

The Lacys sued here. They seek to set aside the state court foreclosure sale and to recover monetary damages for a wrongful foreclosure by removing the ejectment action and filing a Complaint here.[13] The Lacys allege irregularities in the initial 2007 loan documentation, including an allegation Mortgage Electronic Registrations Systems lacked "the power or authority" to assign the mortgage, an unspecified "scheme to defraud" them, a failure to follow the Truth in Lending Act and Regulation Z, and an unpleaded "pattern of racketeering activity" in violation of the Racketeer Influenced and Corrupt Organizations Act "(RICO") as well as state law claims for breach of contract, and "Cancellation Return Promissory Note for Cancellation and Return Deed of Trust for Cancellation."[14]

The Lacys allege Mortgage Electronic Registrations Systems did not have the legal authority to assign the mortgage in 2009 to BAC Home Loans Servicing and its lack of authority

invalidates the purchase of the property by Wilmington Savings Fund Society at foreclosure.[15] The Lacys assert Mortgage Electronic Registrations Systems should "be held accountable when their negligent acts result in economic harm to individual property interests."[16]

The Lacys also allege Mortgage Electronic Registrations Systems acted negligently because it did not "disclose the true nature of the trust relationship" and did not inform the Lacys "upon executing the said Mortgage agreement and Title insurance, [Mr. Lacy] made a gift of his property to the trust."[17] The Lacys seek cancellation of the instrument and "restitution on the basis of … unilateral rescission of a contract …."[18] The Lacys ask we cancel "the Mortgage Deed of trust" because "upon the Note being cancelled, the Mortgage Deed of Trust is no longer a valid document …."[19]

We remanded the foreclosure and ejectment actions removed by the Lacys to state court on April 5, 2024.[20] We then reminded the Lacys of our dismissal of their 2020 complaint under the *Rooker-Feldman* doctrine.[21] We explained we lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because the relief requested by the Lacys would effectively reverse Judge Weilheimer's decision or void her ruling in the state foreclosure action.[22] In our memorandum remanding the Lacys' removal of the state court foreclosure and ejectment actions, we liberally construed their pro se claims as asserting violations of RICO and various federal consumer lending protection laws.[23] We directed the Lacys to properly serve Defendants Arthur Bacci, Michael Griffith, and Mortgage Electronic Registrations Systems to respond to the remaining federal allegations not remanded to state court.[24]

Mortgage Electronic Registrations Systems now moves to dismiss the claims against it.[25] The Lacys did not respond. We grant the motion of Mortgage Electronic Registrations Systems and dismiss all claims against it.

## II. Analysis

Mortgage Electronic Registrations Systems argues the Lacys' claims must be dismissed because: (1) the claims are barred by the *Rooker-Feldman* doctrine; (2) even if the Complaint is not barred by the *Rooker-Feldman* doctrine, the Lacys' claims are barred by res judicata; and (3) the claims are barred by the applicable statute of limitations.[26]

We already remanded the Lacys' state court foreclosure and ejectment actions for lack of federal question jurisdiction. We agree with Mortgage Electronic Registrations Systems all state claims seeking to reverse Judge Weilheimer's decisions in the foreclosure and ejectment actions are barred by the *Rooker-Feldman* doctrine. Our memorandum remanding the Lacys' Complaint allowed federal claims to go forward. We now review those claims. We find they are time-barred even if they plausibly state claims under federal law.

A statute of limitations defense may be raised by motion under Rule 12(b)(6) if untimeliness is apparent on the face of the complaint.[27] The Lacys' claims against Mortgage Electronic Registrations Systems stem from the 2007 mortgage and 2009 assignment of the mortgage by Mortgage Electronic Registrations Systems to Countrywide. We dismiss the Lacys' claims against Mortgage Electronic Registrations Systems because they are untimely on the face of the Complaint.

### A. The Lacys' RICO claims are time-barred.

The statute of limitations for a claim under RICO is four years.[28] The Lacys' allegations arise from the May 2009 assignment from Mortgage Electronic Registrations Systems to Countrywide. The statute of limitations for a potential RICO theory challenging this assignment expired in May 2013. The Lacys did not sue here until February 20, 2024, well over ten years after the expiration of the limitations period. The RICO claims are time-barred.

4

### B. The Lacys' Truth in Lending Act claims are time-barred.

Congress enacted the Truth in Lending Act to "protect consumers from the use of fraudulent or otherwise confusing practices by unscrupulous lenders."[29] The Lacys refer to the Act generally but do not allege which provision of the Act, or its implementing regulation (Regulation Z), Mortgage Electronic Registrations Systems violated, if at all.[30] The statute of limitations for a claim for damages under the Act is one year "from the date of the occurrence of the violation."[31] The statute of limitations for a claim for rescission, to the extent applicable to Mortgage Electronic Registrations Systems, is three years.[32]

The Lacys' claims under the Act have long expired regardless of a one-year or three-year statute of limitations. The record in the Montgomery County state court action demonstrates an assignment of the mortgage from Mortgage Electronic Registrations Systems to Countrywide in May 2009.[33] The Lacys defended the state foreclosure action by asserting defenses under the Act, including the mortgage transaction is subject to rescission.[34] The Lacys also filed counterclaims against Countrywide for failure to disclose the right to rescission under the Act and its implementing Regulation Z.[35] The Lacys attached to their counterclaim in state court their mortgage listing Mortgage Electronic Registrations Systems as the nominee for Countrywide.[36]

The Lacys did not sue Mortgage Electronic Registrations Systems until February 20, 2024. Any claims against it under the Act are time-barred.[37]

### C. The Lacys' Real Estate Settlement Procedures Act claims are time-barred.

Congress enacted the Real Estate Settlement Procedures Act to reform real estate settlement processes to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected

from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country."[38]

The Lacys refer to the Real Estate Settlement Procedures Act in three places in their ninety-seven page Complaint, referring specifically to section 2605 of the Act.[39] Congress, in section 2605, requires lenders to disclose to borrowers whether the servicing of the loan may be assigned, sold, or transferred at any time while the loan is outstanding.[40] Servicers must notify borrowers in writing of any assignment, sale, or transfer of the servicing of the loan.[41]

The Lacys plead no facts alleging how Mortgage Electronic Registrations Systems violated the Act or section 2605. But even if the Lacys plausibly alleged a claim against Mortgage Electronic Registrations Systems, the statute of limitations for a violation of section 2605 is three years.[42] Mortgage Electronic Registrations Systems assigned the Lacys' mortgage in 2009. The Lacys' 2024 Complaint against it is long time-barred.

### D. The Lacys' Fair Debt Collection Practices Act claims are time-barred.

The Lacys allege their mortgage loan is a debt within the meaning of the Fair Debt Collection Practices Act.[43] They allege non-party Wilmington Savings Fund Society, FSB, violated the Act in the ejectment action.[44] We see no allegations Mortgage Electronic Registrations Systems violated the Act. But even assuming there are such allegations (and assuming Mortgage Electronic Registrations Systems is a debt collector within the meaning of the Act), any claim under the Act is time-barred.

Congress enacted the Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[45] Absent an equitable tolling

doctrine, the statute of limitations for a claim under the Act is one year from the date the alleged violation occurred.[46] The Supreme Court recently held the discovery rule does not apply to the Act's limitation period.[47]

The Lacys' federal claims against Mortgage Electronic Registrations Systems is time-barred. The Lacys did not respond to the Motion to dismiss in which they could have asserted an equitable tolling doctrine.

## III. Conclusion

We grant Mortgage Electronic Registrations Systems' motion and dismiss the Lacys' federal claims with prejudice. Their federal claims, to the extent asserted against Mortgage Electronic Registrations Systems, are time barred and amendment would be futile.[48]

---

[1] We detailed a fulsome recital of the procedural history of the Lacys' complaints in our April 5, 2024 Memorandum remanding the Lacys' foreclosure and ejectment actions to state court and denying a motion to dismiss the Lacys' complaint by unnamed defendants as unripe. *See* ECF No. 16.

[2] ECF No. 1 at 2; ECF No. 8, State Court Record at 10, Complaint in Mortgage Foreclosure ¶ 3 (using the pagination supplied by the CM/ECF docketing system). Countrywide Home Loans Servicing, L.P. is now known as BAC Home Loans Servicing, L.P.

[3] ECF No. 8 at 8–23.

[4] *Id.* at 18–24.

[5] ECF No. 8 at 13–14.

[6] *Id.* at 1–6.

[7] *Id.*

[8] *Id.* at 4, Docket Entry No. 110.

[9] *Id.* at 4–6.

[10] *Id.* at 5, Docket Entry No. 136

[11] ECF No. 7.

[12] The state court ejectment action shows "possession taken" of the Lacys' home on June 25, 2024. *Id.*

[13] ECF Nos. 1, 6. This is the second complaint the Lacys brought against financial institutions after losing the mortgage foreclosure action in state court, seeking $10 million in damages relating to the foreclosure. *See Lacy v. Bank of America*, No. 20-660. We dismissed their first action under the *Rooker-Feldman* doctrine after giving the Lacys two opportunities to plead relief under federal law. *See Lacy v. Bank of America*, No. 20-660, 2020 WL 3172890 (E.D. Pa. June 15, 2020).

[14] ECF No. 1 at 3, 7–8, 20, 23–25, 28–31, 39–53, 55. Congress, through the RICO statute, allows for a civil action by "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter ... ." 18 U.S.C. § 1964(c). The Lacys also alleged violations of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and its Regulation Z, 12 C.F.R. pt. 1026, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

[15] ECF No. 1 at 28–31.

[16] *Id.* at 31.

[17] *Id.* at 39. The Lacys seemingly assert state law claims for "injuries for (a) breach of fiduciary duty; (b) conversion of property; (c) personal injury; (d) unjust enrichment; (e) financial loss according to proof; (f) interference with a business relationship; and (g) deprivation of the right to use and enjoyment." *Id.* We remanded all state law claims relating to the foreclosure and ejectment actions. ECF No. 16.

[18] ECF No. 1 at 41.

[19] *Id.*

[20] ECF No. 16.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] ECF No. 17.

[25] ECF No. 25. We dismissed the Lacys' claims against Defendant Arthur J. Bacci for lack of prosecution and granted Defendant Michael W. Griffith's motion to dismiss the Lacys' complaint for lack of service. ECF No. 27.

[26] ECF No. 25-1.

[27] *LabMD Inc. v. Boback*, 47 F.4th 164, 179 n. 9 (3d Cir. 2022) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)).

[28] *Id.* at 179 (citing *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987)).

[29] *Miller v. Burt*, 765 F. App'x 834, 839 (3d Cir. 2019) (citing *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3d Cir. 1998)).

[30] The Lacys do not specify the section of the Act violated. They allege a violation of Regulation Z, 12 C.F.R. § 226.23, but not against Mortgage Electronic Registrations Systems. *See* ECF No. 1 at 7, 88. Section 226.23 provides for a consumer's right to rescind a transaction.

[31] *Schiano v. HomEq Servicing Corp. and HomEq Servicing*, 832 F. App'x 116, 119 (3d Cir. 2020); *Timm v. Wells Fargo Bank, N.A.*, 701 F. App'x 171, 174 (3d Cir. 2017); *Morilus v. Countrywide Home Loans, Inc.*, 651 F. Supp. 2d 292, 304 (E.D. Pa. 2008) (quoting 15 U.S.C. § 1640(e)).

[32] *Timm*, 701 F. App'x at 174.

[33] ECF No. 8 at 13–14.

[34] *Id.* at 29–32.

[35] *Id.* at 32.

[36] *Id.* at 37.

[37] The Lacys did not respond to Mortgage Electronic Registrations Systems' motion. Accordingly, they did not raise an equitable tolling argument. But even if the Lacys had asserted equitable tolling, it is reserved for litigants who pursue their rights "diligently" where "some extraordinary circumstance ... prevented timely filing." *Schiano*, 832 F. App'x at 119 (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255–56 (2016)).

[38] 12 U.S.C. § 2601(a).

[39] ECF No. 1 at 15, 48, 49.

[40] 12 U.S.C. § 2605(a).

[41] *Id.* § 2605(b).

[42] *Id.* § 2614.

[43] ECF No. 1 at 13, ¶ Q.

---

[44] *Id.* at 45–53.
[45] 15 U.S.C. § 1692(e).

[46] *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).

[47] *Id.* at 12–14.

[48] *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019) (citation omitted).